[Crim. No. 1281. First Appellate District, Division Two.—December 10, 1925.]

## THE PEOPLE, Respondent, v. TONY MAGNI, Appellant.

[1] CRIMINAL LAW — ASSAULT WITH DEADLY WEAPON — IMPROPER CROSS-EXAMINATION OF DEFENDANT — PREJUDICIAL MISCONDUCT.— In this prosecution for an assault with a deadly weapon with the intent to commit murder, where, during the cross-examination of the defendant as a witness by the district attorney, certain questions were asked which were clearly erroneous and prejudicial to the rights of defendant, and upon objection thereto by counsel for defendant the trial judge reprimanded said counsel and imposed a fine upon him for contempt of court, the admonition given by the court to the jury that "remarks of counsel are not argument—or at least are not evidence in the case. The only evidence in the case is the sworn testimony of the witnesses. Remarks of counsel are not to be taken by you as evidence in the case. The court will rule on all objections that are made, and if evidence is offered and ruled out, you will entirely disregard it," was insufficient to correct the injustice that had been done the defendant before the jury, both by the questions and remarks of the district attorney and the action of the court in reprimanding defendant's counsel instead of the district attorney, who was clearly in error.

---

(1) 16 C. J., p. 916, n. 65, p. 917, n. 66.

APPEAL from a judgment of the Superior Court of Marin County. Edward I. Butler, Judge. Reversed.

The facts are stated in the opinion of the court.

---

1. See 8 Cal. Jur. 257.

Roy C. Lewis for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment of conviction of a felony, to wit, assault with a deadly weapon with intent to commit murder. The principal point urged for reversal is that the district attorney was guilty of misconduct in the trial of the case, such claim being predicated upon an incident which occurred during defendant's cross-examination and which appears in the record thus:

"Q. (By District Attorney.) Have you ever been convicted of a felony? A. Yes, sir. Q. Are you now discharged after serving your term, or out on parol? Mr. Lewis (Counsel for Defendant): Just a moment—we object to that as immaterial, irrelevant and incompetent, assign it as misconduct on the part of the District Attorney—attempting to put before the jury matters he knows to be not competent evidence. There is only one question— The Court: (Intg.) Now without any argument, Mr. Lewis, if you will make the objection. Mr. Lewis: I made the objection. The Court: The objection is this is incompetent, irrelevant and immaterial? Mr. Lewis: Yes. The Court: I will sustain the objection. Mr. Lewis: I want the record to show I assign it as misconduct on the part of the District Attorney, unfair practice. Mr. Greer: Q. You have been out since you were arrested on this charge, you have been out on bail and while out on bail isn't it a fact you took a shot at a man? Mr. Lewis: We object to that as incompetent, irrelevant and immaterial, improper question to be asked by the District Attorney. Mr. Greer: I think that is a fact. The Court: I do not know whether it is or not. What is the object of it? Mr. Greer: Well, the object was I was going to ask afterwards if since he was out on bail he had been in trouble and taken a shot at a fellow. Mr. Lewis: Before the question is answered I am going to assign it as misconduct, just done for the purpose of trying to prejudice the witness before the jury. Mr. Greer: The Court asked what the purpose of it was. Mr. Lewis: Is it— The Court: (Intg.) Are you through? Mr. Lewis:

No, I am waiting for the District Attorney to ask some more questions which he knows and which I know are not admissible in evidence and the District Attorney knows are not admissible in evidence. The Court: What are you getting so excited about? Mr. Lewis: I have a right to assign it as misconduct. The Court: Sit down. Mr. Lewis: I have a right to, object to this. The Court: I will find you guilty of contempt of course and assess you fifty dollars fine. Mr. Lewis: Very well. The Court: And there will probably be something to follow. Mr. Lewis: I believe I am an attorney in this court and have a right to be heard in this court. The Court: You will be heard, but I will conduct this case. Mr. Lewis: No, but I have a right to assign misconduct. The Court: You have it, but you are not arguing— Mr. Lewis (Intg.) The Court: I will continue this case and fine you for contempt. Mr. Lewis: Very well, do it because I will go to jail. The Court: You will remain in the courtroom when this case is concluded. Mr. Lewis: I will do that. The Court: Now to resume the case: Ladies and gentlemen of the jury, you are admonished at this time that remarks of counsel are not argument—or, at least, are not evidence in the case. The only evidence in the case is the sworn testimony of the witnesses. Remarks of counsel are not to be taken by you as evidence in the case. The court will rule on all objections that are made, and if evidence is offered and ruled out, you will entirely disregard it. Mr. Greer: That is all. No further questions. Mr. Lewis: What was the ruling to the question in reference to his being out on bail? May I ask the Court's ruling on that? The Court: Yes, if it is ruled on. (Record read.) Mr. Greer: I withdraw the question. Mr. Lewis: At this time, if the Court please, I ask the Court to admonish the jury to disregard it. The Court: Mr. Lewis, I have already ruled on that and I will not rule again, and I take it you are asking for something which is already in the record and I think you understand that quite fully. Mr. Lewis: I did not understand your Honor had instructed the jury it had been overruled or sustained. I did not understand it to be that way—misconduct on the part of counsel in open court. The Court: There is no need for any argument. You have the ruling and you have your remedy.''

[1] We think the admonition given by the court to the jury and above quoted was scarcely sufficient to correct the injustice that had been done the defendant before the jury, both by the questions and remarks of the district attorney and the action of the court in reprimanding defendant's counsel instead of the district attorney, who was clearly in error.

We may say that it is clear from the record that all parties concerned were trying to do their duty as they saw it, and it is possible that the manner of defendant's counsel in making his objections may have been affected by the excitement of the trial and he may have contributed, thus, indirectly, to the unfortunate situation which arose. However, the cold printed page of the transcript does not reveal this and the attorney-general has caused the appeal to be submitted merely upon the brief of the appellant, being unable to defend against the assignments of error.

The record reveals a sharp conflict of evidence and an examination of the entire transcript does not convince us that the same verdict would have been reached without the weight of the objectionable incidents above set forth.

The judgment is reversed and a new trial granted.

Nourse, J., and Sturtevant, J., concurred.